IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02329-ZLW

TONY BAXTER (RICHIE A. HILL),

      Plaintiff,

v.

LT. SAMPLES (USP MARION),
LT. HUGHES (USP MARION),
LT. LOCKRIDGE (USP MARION),
LT. MANLY (ADX),
S/OFFICERS HUMPRIES (ADX),
JEFF JOHNSON (ADX), and
K. KING, S/Officer (ADX),

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 3 2008

GREGORY C. LANGHAM
                CLERK

---

## ORDER DENYING MOTION TO RECONSIDER

---

      Plaintiff has filed **pro se** on March 24, 2008, a document titled "Sworn Affidavits"

in which he asks the Court to reopen the instant action. The Court's Order of Dismissal

and the Judgment were filed in this action on January 25, 2008. The Court must

construe the request to reopen this action liberally because Plaintiff is not represented

by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**,

935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the request will be construed liberally

as a motion to reconsider. For the reasons stated below, the motion will be denied.

      A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). ***See id.*** at 1243. Plaintiff's motion to reconsider, which was filed more than ten days after the Court's Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. ***See Massengale v. Oklahoma Bd. of Examiners in Optometry***, 30 F.3d 1325, 1330 (10th Cir. 1994).

Upon consideration of the motion to reconsider and the entire file, the Court finds that Plaintiff fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. The Court dismissed the instant action without prejudice because Plaintiff failed to respond to an order directing him to file an amended complaint that clarifies who is being sued and that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Plaintiff does not address in the motion to reconsider his failure to file an amended complaint as directed. Plaintiff's vague allegations that prison officials have interfered with his legal mail do not demonstrate that he somehow was prevented from responding to the order directing him to file an amended complaint. Therefore, the motion to reconsider will be denied. However, Plaintiff is reminded that, because the Court dismissed the instant action without prejudice, he may pursue his claims by filing a new action if he chooses. Accordingly, it is

2

ORDERED that the "Sworn Affidavits" filed on March 24, 2008, which the Court has construed as a motion to reconsider, is denied.

DATED at Denver, Colorado, this 3 day of _April_, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02329-BNB

Tony Baxter (Richie A. Hill)
Reg. No. 20689-018
ADX – Florence
PO Box 8500
Florence, CO 81226

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _4-3-08_

                            GREGORY C. LANGHAM, CLERK

                         By:_____
                               Deputy Clerk